IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| Plaintiff, | : | Case No. 2:16-cr-180 |
| vs. | : | JUDGE GRAHAM |
| MALEK JALAL, | : | |
| Defendant. | : | |

**DEFENDANT MALEK JALAL'S
MOTION TO CORRECT SENTENCE**

COMES NOW the defendant, Malek Jalal, by and through undersigned counsel, and respectfully moves this Court, pursuant to Rule 35(a) Federal Rules of Criminal Procedure, to correct his sentence based upon an arithmetical error made by his counsel during the sentencing proceedings. In support of this motion the defendant states:

On April 7, 2017 the defendant appeared for sentencing after pleading guilty to conspiracy to commit wire and tax fraud, in violation of 18 U.S.C. § 371 and obstruction of justice, in violation of 18 U.S.C. § 1519. Prior to sentencing the parties had ultimately agreed to a sentencing guideline range of 78 to 97 months based upon an offense level of 28 and a criminal history of I; but the defendant made arguments via a sentencing memorandum and later at the sentencing hearing that the Guidelines overstated the seriousness of the offense. One of the factors cited by the defense in support of this argument was based upon the fact that even though there was an agreed upon Guidelines loss of between $3.5 and $9.5 million, the parties who had sought restitution[1] as of the date of sentencing were due only approximately $1.3 million.  While discussing this issue at sentencing the Court made inquiry of counsel:

---

[1] On the day of sentencing one additional entity had just come forward but the parties were not in agreement that this "victim" was entitled to restitution, and the Court delayed any finding relating to whether this entity was entitled to restitution.

1

THE COURT: So where would you be if we took your formula and added it to the government? What would the total loss be?

MR. DALE: Well - - 1.3, Your Honor, which I believe would lower us another two or three levels in the guidelines.

THE COURT: So quickly tell us what the guideline range would be for $1.3 million.

MR. DALE: I believe that would be 63 to 78, Your Honor.

THE COURT: That would be the sentencing range?

MR. DALE: That would be the sentencing – the true sentencing range if that were the loss.

THE COURT: All right. Go ahead. Maybe that's why the government is recommending 62 months then. Anyhow, go ahead.

Transcript of Sentencing April 7, 2017, pp, 16-17.[2]

In fact, due to an arithmetical error, counsel answered incorrectly. 18 levels had been added for the $3.5 to $9.5 million loss. U.S.S.G. § 2B1.1(b)(1)(J))  *See*, PSR, ¶69. The 63 to 78 month range that counsel advised the court would be proper for a $1.3 million loss was incorrect. A 16 level increase applies to losses greater than $1.5 million. U.S.S.G. § 2B1.1(b)(1)(I)  A loss of $1.3 million would result in a guideline increase of 14 levels,  U.S.S.G. § 2B1.1(b)(1)(I), and in this case a guideline range of 51 to 63 months.  The Court, later in the hearing, sentenced Mr. Jalal to 60-months incarceration.

Counsel made an arithmetical error in answering the Court and believes he has a duty to bring this to the Court's attention. Further Rule 35(a), Federal Rules of Criminal Procedure,

---

[2] Attached as Exhibit One is a copy of the pages to which we cite.

provide the Court with an avenue to correct this error—an error admittedly made by counsel, but presumably relied upon by the Court.

Rule 35(a) provides: "Within 14 days after sentencing, the court may correct a sentence that resulted from arithmetical, technical, or other clear error."

There can be no doubt that counsel for Mr. Jalal provided the Court with incorrect sentencing information in response to a direct question relating to a guideline range. The Government did not correct the error and the Court ultimately sentenced Mr. Jalal presumably relying, at least in part, on this error.

Although "the authority conferred by [Federal Rule of Criminal Procedure] 35(a) to a district court is extremely limited," *United States v. Gray*, 521 F.3d 514, 543–44 (6th Cir. 2008), quoting, *United States v. Arroyo,* 434 F.3d 835, 838 (6th Cir.2006), when district courts impose a sentence on the basis of an erroneous sentencing guidelines calculation, they may appropriately rely on Rule 35(a) to order resentencing. *See generally United States v. Ross*, 413 F. App'x (3d Cir. 2011), where the Third Circuit affirmed the district court's use of Rule 35(a) to correct an error by vacating the original sentence and resentencing the defendant. In *Ross*, the district court had "imposed the original sentence on the basis of its fundamental miscalculation of how it was granting a variance." *Id.* at 461.

This Court, just like the district court in *Ross*, granted a variance from the Guidelines. And just like *Ross*, this Court imposed the below guidelines variance after receiving a miscalculation of the sentencing range from counsel during allocution. The Court, we respectfully submit, should resentence Mr. Jalal taking the proper range into consideration.

Wherefore the defendant respectfully prays that the Court correct this arithmetical error by issuing an order correcting the sentence accordingly.

Respectfully submitted,

/s/ G. Allen Dale_____
G. Allen Dale, Attorney At Law
1101 Pennsylvania Ave. NW,
Suite 1150
Washington, DC 20004
Telephone:    (202) 638-2900
Facsimile:     (202) 783-1654
E-mail:gallendale@aol.com

/s/ Steven S. Nolder_____
Steven S. Nolder (0037795)
65 East State Street, Suite 200
Columbus, Ohio 43215
Phone (614) 221-9790
Fax (614) 358-3598
snolder9@gmail.com
Attorneys for Malek Jalal

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the Motion to Correct Sentence was electronically served upon AUSAs J. Michael Marous and Adam Cullman this 17th day of April, 2017.

  /s/  Steven S. Nolder
Steven S. Nolder  (0037795)
Attorney for Malek Jalal