# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

UNITED STATES OF AMERICA,

       Plaintiff,         :      Case No. 2:16-cr-180
                                       also Case No. 2:18-cv-290

  - vs -

                                       District Judge James L. Graham
                                       Magistrate Judge Michael R. Merz

MALEK F. JALAL,

       Defendant.        :

## REPORT AND RECOMMENDATIONS

This 28 U.S.C. § 2255 proceeding, filed by Defendant Malek F. Jalal with the assistance of counsel, is before the Court for decision on the Motion to Dismiss of Plaintiff United States of America (ECF No. 88). The case has been referred to the undersigned for a Report and Recommendations. 28 U.S.C. § 636(b). For the reasons set forth below, Plaintiff's Motion should be DENIED.

**I.     Factual Background**

Jalal retained G. Allen Dale as attorney on June 20, 2016, in relation to an ongoing criminal investigation against Jalal's company, Unity Fuels, LLC (Memo. in Opp., Case No. 2:16-cr-180, ECF No. 94, PageID 1215). Dale negotiated a plea agreement on Jalal's behalf with the United States, and on April 7, 2017, Jalal was sentenced to sixty months imprisonment and three years supervised release, and was ultimately ordered to pay restitution in the amount of $3,587,809.18

(Judgment, ECF No. 25; Am. Judgment, ECF No. 57).  On April 3, 2018, Jalal filed a Motion to Vacate Sentence, alleging ineffective assistance by Dale in connection with the plea agreement and guilty plea (ECF No. 59, PageID 535).  He asked that his sentence and restitution be vacated. *Id*. at PageID 542.  Jalal was released from custody on April 9, 2020 (Motion to Dismiss, ECF No. 88, PageID 1205 n.1), but remains on a term of supervised release.  On April 13, 2021, Plaintiff moved to dismiss the Motion to Vacate, arguing that Jalal's release meant there was no longer a live case-or-controversy that would enable the Court to adjudicate the Motion to Vacate.  *Id*. at PageID 1206.

II.	**Legal Standard – Case-or-Controversy Requirement**

Article III, Section Two of the United States Constitution limits federal courts, among other ways, to hearing live cases or controversies. "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate. . . . The parties must continue to have a 'personal stake in the outcome' of the lawsuit." *Lewis v. Continental Bank Corp.,* 494 U.S. 472, 477-478 (1990).  "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'"  *Spencer v. Kenma*, 523 U.S. 1, 7 (1998).  "This triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence."  *Steel Co. v. Citizens for a Better Enviro.*, 523 U.S. 83, 103-04 (1998).

III.	**Analysis**

A.	**Supervised Release**

Plaintiff argues that there is no live case-or-controversy because Jalal is not challenging

the term of supervised release; rather, "he alleges the counsel provided by Attorney Allen Dale was constitutionally ineffective for failing to adequately contest various enhancements he received under the Sentencing Guidelines." (Motion to Dismiss, ECF No. 88, PageID 1205, citing Reply, ECF No. 65 at PageID 730-44). As Jalal has already been released, and a shortened term of supervised release is not a remedy for a now-completed but erroneously long period of incarceration, the claim is moot and the Motion to Vacate must be dismissed. *Id*. at PageID 1206, citing *United States v. Johnson*, 529 U.S. 53, 59 (2000).

Jalal points out that he has asked that the entire sentence be vacated, and his current term of supervised release is part of that sentence (Memo. in Opp., ECF No. 94, PageID 1217-18, citing 18 U.S.C. § 3583(a); Reply, ECF No. 65, PageID 747). Jalal is arguing that Dale's ineffective representation resulted in an eleven-level enhancement, going from a sentencing range between twenty-four and thirty months incarceration to an actual sentence of sixty months. *Id*. at PageID 1225. "Jalal has more than two years remaining on his supervised release. If he succeeds on this motion and the sentence be vacated and resentencing occur based on lesser guideline levels, the supervised release period could be reduced or even erased. Consequently, this petition is not moot." *Id*. at PageID 1225-26.

Plaintiff concedes, as it must, that within the United States Court of Appeals for the Sixth Circuit, challenges to a term of supervised release mean that a case may not be moot even after the prisoner is released from custody (Reply, ECF No. 97, PageID 1232-33, citing *United States v. Maken*, 510 F.3d 654, 656 n.3 (6th Cir. 2007)). Plaintiff attempts to differentiate by arguing that the Motion to Vacate deals with decisions or omissions by Dale that resulted in a longer custodial sentence; Jalan does not claim that Dale's ineffective representation affected his term of supervised release. *Id*. at PageID 1232, citing Reply, ECF No. 65, PageID 733-34, 740-44. Thus, Plaintiff

argues, the term of supervised release is not redressable. *Id*. This is too fine a distinction to make. As discussed above, by asking for the entire sentence to be vacated and for him to be resentenced, Jalal has implicitly but clearly asked the Court to sentence him to a different (or no) period of supervised release. This is well within the Court's discretion:

> There can be no doubt that equitable considerations of great weight exist when an individual is incarcerated beyond the proper expiration of his prison term. The statutory structure provides a means to address these concerns in large part. The trial court, as it sees fit, may modify an individual's conditions of supervised release.

*Johnson*, 529 U.S. at 60, citing 18 U.S.C. § 3583(e)(2). Plaintiff again concedes that the Sixth Circuit has in dictum stated that a shortened period of supervised release may be appropriate in a petition, like Jalal's challenging the length of a sentence (Reply, ECF No. 97, PageID1233, citing *Demis v. Sniezek*, 558 F.3d 508, 514-15 (6th Cir. 2009)). *Johnson* is controlling, and *Demis* is more persuasive to the undersigned than the Eighth Circuit case cited by Plaintiff indicating that the lack of an express challenge to supervised release moots the case when a petitioner is no longer incarcerated. *Id*., citing *Owen v. United States*, 930 F.3d 989 (8th Cir. 2019)

As Petitioner is still under the original sentence sought to be vacated, and a resentencing may address the period of supervised release, there is still a live case-or-controversy, and Plaintiff's Motion should be denied.

### B. Restitution

Plaintiff further argues that there is no live case-or-controversy with respect to restitution, as even if he were resentenced to a shorter term of confinement or supervised release, full restitution is mandatory (Motion to Dismiss, ECF No. 88, PageID 1206-07, citing 18 U.S.C. § 3663A). Moreover, Plaintiff claims, there is no causal link between the complained-of ineffective assistance and the restitution he is required to pay, as Jalal was not represented by Dale during

4

restitution proceedings. *Id*. at PageID 1207. Jalal argues that Dale's ineffective performance included failure to investigate or verify the losses claimed by Plaintiff for restitution purposes, and failure to advise Jalal that the $3,500,000 figure in his plea agreement was not a mere "placeholder," but in fact the lower bound of restitution he would be ordered to pay (Memo. in Opp., ECF No. 94, PageID 1215). Dale was further ineffective, Jalal argues, in failing to object to the restitution of $985,570 at the initial sentencing, before new counsel was appointed. *Id*. at PageID 1215-16. Jalal claims that Dale's failure to investigate or object left new counsel hamstrung and with only scant information prior to the restitution hearing. *Id*. at PageID 1220. "Inasmuch as vacating the sentence would afford Mr. Jalal [an opportunity] to explore these issues which may demonstrate the restitution judgment is in error, there remains a concrete remedy available." *Id*. at PageID 1223.

Restitution fits even more squarely within the "live case-or-controversy" requirement than does supervised release. Unlike supervised release, Jalal expressly asked "that this Court vacate the sentence *and restitution* imposed[.]" (Motion to Vacate, ECF No. 59, PageID 542 (emphasis added)). Moreover, Jalal has set forth a plausible connection between Dale's ineffectiveness and the imposition of nearly $1,000,000 in restitution (Memo. in Opp., ECF No. 94, PageID 1223). If Jalal's Motion to Vacate is successful, then new counsel would have the opportunity to object to that restitution amount at resentencing. *See, e.g.*, *id*. at 1219, citing *United States v. Kirkpatrick*, 798 F.3d 365, 388 (6th Cir.2015) ("[R]estitution may be imposed only for demonstrated actual losses directly and proximately caused by the Defendant's conduct."). Thus, there is a causal connection between the allegedly ineffective assistance and the amount of restitution, and the Court, through the imposition of a new judgment, could reduce the amount of restitution owed. For these reasons, there is a live case-or-controversy with respect to restitution, and the Motion to

Dismiss should be denied.

### IV.     Conclusion

For the foregoing reasons, it is recommended that Plaintiff's Motion to Dismiss be DENIED.

September 1, 2021.

s/ *Michael R. Merz*<br>
United States Magistrate Judge

### NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. #