IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **UNITED STATES OF AMERICA**, | Case No. 2:16-CR-180 |
| Plaintiff, | |
| v. | Judge Graham |
| **MALEK F. JALAL**, | Magistrate Judge Merz |
| Defendant. | |

## OPINION AND ORDER

Pending before the Court is Defendant Malek F. Jalal's motion for reduction of sentence pursuant to 18 U.S.C. § 3631, Doc. 109. Defendant requests that the court award him the time credit to which he asserts he is entitled under Section 3631 *et seq.* pursuant to the First Step Act of 2018.

Defendant was convicted of conspiracy in violation of 18 U.S.C. § 371 and obstruction of justice in violation of 18 U.S.C. § 1519. On April 10, 2017, he was sentenced to 60 months imprisonment and 3 years supervised release. Doc. 25. According to Defendant, he accomplished much during his imprisonment, such as being a model prisoner, completing the residential drug abuse program, completing the drug treatment alternative to prison program, providing GED tutoring to inmates, instructing inmates in language and business classes, completing coursework in 26 classes, and performing cleaning duties. Doc. 109-1 at 2. Defendant asserts that he began his term of supervised release on April 8, 2021. Doc. 109-1 at 2. On August 24, 2021, he was placed on the Probation Office's low risk caseload. Doc. 109-1 at 12.

Section 3632 requires the Attorney General to create a risk and needs assessment system. That system must "provide incentives and rewards for prisoners to participate in and complete

evidence-based recidivism reduction programs . . . ." 18 U.S.C. § 3632(d). The incentive at issue in the case at bar is the awarding of time credits. Time credit is to be awarded at a rate of 10 or 15 days of credit, depending on the inmate's risk for recidivism, for every 30 days of participation in evidence-based recidivism reduction programing or productive actives. 18 U.S.C. § 3632(b)(4)(A).

Defendant asks that the Court award him 595 days of time credit pursuant to the Court's authority under the First Step Act of 2018. However, neither Section 3631 nor the First Step Act of 2018 authorize the Court to award time credit. The First Step Act of 2018 did modify 18 U.S.C. § 3582(c) to permit incarcerated defendants to file motions for compassionate release directly with district courts. But Defendant purports to seek time credits under Section 3631, not compassionate release under Section 3582(c).

Because the Court lacks authority to award time credit under Section 3631, Defendant's motion for reduction of sentence pursuant to 18 U.S.C. § 3631, Doc. 109, is **DENIED**.

    **IT IS SO ORDERED**.

                                               s/ James L. Graham
                                               JAMES L. GRAHAM
                                               United States District Judge

DATE: June 15, 2022