**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION AT COLUMBUS**

UNITED STATES OF AMERICA,

Plaintiff, : Case No. 2:16-cr-180
Case No. 2:18-cv-290

- vs -

District Judge James L. Graham
Magistrate Judge Michael R. Merz

MALEK F. JALAL,

:

Defendant.

# REPORT AND RECOMMENDATIONS

This proceeding under 28 U.S.C. § 2255 is before the Court on Plaintiff's Motion to Dismiss (ECF No. 127) which Defendant opposes (ECF No. 128). Motions to dismiss are "dispositive" within the meaning of Fed.R.Civ.P. 72(b), requiring a report and recommendations from an assigned Magistrate Judge.

Defendant in this case, Malek Jalal, pleaded guilty pursuant to a plea agreement and was sentenced to two concurrent sixty-month imprisonment sentences (Judgment, ECF No. 25). The instant Motion to Vacate alleging ineffective assistance of trial counsel was filed April 3, 2018 (ECF No. 59). Defendant was released from prison April 9, 2020 (ECF No. 88, PageID 1205, note 1). This Court terminated Defendant's supervised release January 12, 2023 (ECF No. 120), a result unopposed by the United States in part because Defendant had completely fulfilled his restitution obligations (ECF No. 119).

The United States asserts that because Jalal is no longer in custody, his Motion to Vacate is now moot and should be dismissed. The only issue remaining in the case is the correctness of

the amount of restitution and the Government asserts that is insufficient to maintain the action (ECF No. 127). Defendant opposes the Motion, focusing on the asserted deficiencies in the representation he received from Attorney Allen Dale which allegedly caused the errors in the restitution ordered in the case.[1] Defendant also argues the Court has already denied dismissal on the same basis as now raised by the Government (ECF No. 128, citing ECF Nos. 99, 100).

## Analysis

28 U.S.C. § 2255 was enacted by Congress essentially to move the habeas corpus remedy for federal prisoners from the overcrowded dockets of District Courts where federal prisons were located to the districts in which conviction had occurred. Habeas corpus is, of course, a remedy for persons in custody in violation of the United States Constitution. 28 U.S.C. § 2254(a); *Wilson v. Corcoran,* 562 U.S. 1 (2010)*; Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *Smith v. Phillips*, 455 U.S. 209 (1982), *Barclay v. Florida,* 463 U.S. 939 (1983). The scope of § 2255 is only slightly broader; a prisoner seeking relief under 28 U.S.C. § 2255 must allege either "(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid" *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003); *Nichols v. United States,* 563 F.3d 240, 250 (6th Cir. 2009). Habeas corpus and its § 2255 analogue, however, are not general remedies for any claim a prisoner may have against his jailer; they are challenges to custody. See *Preiser v. Rodriquez*, 411 U.S. 475 (1973)(release from custody cannot be granted in suit under 42 U.S.C. § 1983); *Nance v.*

[1] As part of the Plea Agreement, Jalal waived his right to collaterally attack the conviction under 28 U.S.C. § 2255 except for claims of ineffective assistance of trial counsel or prosecutorial misconduct (Plea Agreement, ECF No. 3, PageID 16-17).

*Ward*, 142 S. Ct. 2214 (2022)(Method of execution claim in a capital case must be brought in § 1983 and not in habeas).

Although he was in custody when he filed his Motion to Vacate, Malek Jalal is no longer in custody having been released from prison and having completed his term of supervised release. The only remaining issue is whether ineffective assistance of counsel resulted in a restitution order which can be remedied in this action.

The United States relies on *Demis v. Sniezek*, 558 F.3d 508 (6th Cir. 2009). Demis was in federal custody when he filed a habeas corpus action under 28 U.S.C. § 2241[2] to challenge the policy of the Federal Bureau of Prisons to refuse to transfer a federal prisoner to a community corrections center until he or she had served ninety per cent of the sentence. The district court dismissed the case as moot because Demis had been transferred to a community control center by the time the case reached the District Judge's desk. By the time the case had reached the Sixth Circuit for decision, Demis had been released from custody altogether. The Sixth Circuit held the appeal had become moot and it lacked jurisdiction under the Cases or Controversies Clause of Article III because there was no collateral consequence of the conviction "capable of being redressed by a favorable judicial decision." 558 F.3d at 512, quoting *Brock v. United Stated Dept. of Justice,* 256 Fed.Appx. 748, 750 (6th Cir.2007).

The United States asserts that federal circuit courts are "virtually unanimous" in holding that challenges to restitution orders are not cognizable in § 2255 proceedings (ECF No. 127, citing *United States v. Mayhew*, 995 F.3d 171, 182-83 (4th Cir. 2021)). The one possible exception the Fourth Circuit notes is a footnote in *Weinberger v. United States*, 268 F.3d 346 (6th Cir. 2001). Defendant indeed relies on *Weinberger*, but without any analysis, merely asserting that *Weinberger* "makes it

[2] § 2241 is the general statute granting federal judges authority to issue the writ of habeas corpus.

clear" that his claim is not moot (ECF No. 128, PageID 1792).

*Weinberger* does not hold that a restitution order alone is sufficient to maintain jurisdiction when a prisoner has been released from custody. That was not one of the issues on which Weinberger, who was proceeding *pro se*, obtained a certificate of appealability. The opinion does not indicate he was not still in prison or on supervised release. Indeed, the *Weinberger* opinion does not discuss the critical issue here: is there still a live controversy this Court can resolve and provide relief?

Defendant argues the case is not moot because of the unresolved issues regarding the amount of restitution (ECF No. 128, PageID 1792-96). The question is whether this Court can, in this proceeding, provide a remedy. If the Court found that the errors in the restitution judgment were caused by Mr. Dale's providing ineffective assistance of trial counsel, it could vacate the judgment[3]. What then? Jalal's counsel suggests he could then engage in the discovery in which Dale should have engaged to obtain the correct restitution amounts, presumably resulting in an amended judgment. But if Jalal has overpaid restitution, he cannot obtain reimbursement from any party to this case. Neither the United States nor the Clerk of this Court has the restitution money because it has all been disbursed. That also suggests their interests are not sufficiently adverse to Jalal's to satisfy the Cause and Controversies Clause.

Jalal suggests he would have a cause of action against the recipients of inappropriate amounts of restitution, probably for unjust enrichment. But those entities are not parties to this case and the Court cannot enter an order against them to reimburse the overpayment, at least not in a § 2255 proceeding.

Jalal argues this Court has already denied a similar motion to dismiss. When the United States moved to dismiss earlier, Jalal was still serving his term of supervised release (Report, ECF No. 99). A person still serving out a term of supervised release is sufficiently in custody to be able to invoke

---

[3] Before reaching the prejudice prong of the *Strickland v. Washington,* 466 U.S. 668 (1984), analysis, the Court would, of course, have to determine that Dale's conduct constituted deficient performance.

§ 2255. *United States v. Woods,* 145 F.3d 1335 (table) (6th Cir. 1998), *citing United States v. Essig*, 10 F.3d 968, 970 n. 3 (3rd Cir. 1993). Additionally, he sought vacation of the entire sentence, including the restitution amount which had not yet been paid. *Id.* Thus he was still in custody for habeas corpus purposes and the restitution amount was potentially available for correction if the sentence were vacated. Neither of those conditions persists.

As the Sixth Circuit makes clear in *Demis*, federal court jurisdiction depends on a continuing live case or controversy. There is no such continuing live controversy between the parties to this action, which should be dismissed without prejudice for lack of jurisdiction.

September 6, 2023.

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #

s/ *Michael R. Merz*
United States Magistrate Judge