**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION AT COLUMBUS**

UNITED STATES OF AMERICA,

       Plaintiff,        :      Case No. 2:16-cr-180
                                   Case No. 2:18-cv-290

   - vs -

                                   District Judge James L. Graham
                                   Magistrate Judge Michael R. Merz

MALEK F. JALAL,
                                   :

       Defendant.

## SUPPLEMENTAL REPORT AND RECOMMENDATIONS

This proceeding under 28 U.S.C. § 2255 is before the Court on Defendant's Objections (ECF No. 138) to the Magistrate Judge's Report and Recommendations ("Report," ECF No. 137) recommending that Plaintiff's Motion to Dismiss (ECF No. 127) be granted. Plaintiff has filed a Response to the Objections (ECF No. 142). District Judge Graham has recommitted the case for reconsideration in light of the Objections (ECF No. 139).

In its Motion to Dismiss, the United States argued this Court no longer had jurisdiction under 28 U.S.C. § 2255 because Defendant had been discharged from custody, including supervised release, and had paid the ordered restitution in full. The Magistrate Judge recommended granting dismissal on that basis, noting that there was no longer a live controversy between the parties to this case sufficient to sustain jurisdiction under the Cases and Controversies Clause.

Defendant first objects that the Court could find its restitution judgment was in error as the result of ineffective assistance of trial counsel provided to Defendant by Attorney Allen Dale and

1

amend the judgment accordingly (Objections, ECF No. 138, PageID 1835). Such an amended judgment would be, Defendant claims, prima facie proof of unjust enrichment in a subsequent action against Texas hedge fund Murex.

Defendant's second objection contests the Magistrate Judge's conclusion that "challenges to restitution orders are not cognizable in § 2255 proceedings" (Objections, ECF No. 138, PageID 1836). Defendant's Third Objection is that the Report ignores controlling precedent from the Supreme Court and the Sixth Circuit. His Fourth Objection is that the Report ignores the law of the case in that the Court denied a prior motion to dismiss.

In his Memorandum in Support of the Objections, Defendant asserts this Court could find Attorney Dale provided ineffective assistance of trial counsel and that this resulted in part in a restitution judgment which is excessive.[1] Defendant concludes: "The entry of a new judgment for an amount less than the $3,587,809.18 which Mr. Jalal has paid in full, could not be disregarded by the Texas hedge fund Murex and any amount in excess of the amended judgment would have to be returned to Mr. Jalal." (ECF No. 138-1, PageID 1843-44).

The Government's Response emphasizes the facts relied on in the Report: Defendant is no longer imprisoned either actually or conditionally in that he has been released from prison and completed his term of supervised release. He has paid the ordered restitution in full and the Clerk has distributed the paid-in restitution in full. Thus an amended judgment would not result in Defendant's release from custody or a reimbursement of paid-in restitution. This eliminates any live controversy between the United States and Defendant.

Defendant argues an amended judgment would be valuable to him in that Murex, the

---

[1] Defendant notes in his Memorandum that the Presentence Investigation Report, which he also blames on Mr. Dale's ineffectiveness, resulted in a recommended imprisonment range of seventy-eight to ninety-seven months. The Court sentenced Defendant to a below Guidelines term of imprisonment of sixty months.

recipient of the restitution payments, could not "disregard" the judgment. But Defendant makes no argument about what use he could make of an amended judgment against Murex. Murex has never been a party to this action, so it is doubtful an amended judgment would have any *res judicata* effect in a dispute directly between Defendant and Murex for unjust enrichment.

Conversely, arriving at an amended judgment would require serious expenditure of judicial resources. The governing standard for ineffective assistance of counsel is found in *Strickland v. Washington*, 466 U.S. 668 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687. In other words, to establish ineffective assistance, a defendant must show both deficient performance and prejudice. *Berghuis v. Thompkins*, 560 U.S. 370, 389 (2010), citing *Knowles v. Mirzayance*, 556 U.S.111 (2009).

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

> Judicial scrutiny of counsel's performance must be highly deferential. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional assistance; that is, the defendant must overcome the presumption

3

> that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held: "The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to overcome confidence in the outcome." 466 U.S. at 694. See also *Darden v. Wainwright*, 477 U.S. 168, 184 (1986), citing *Strickland, supra.; Wong v. Money,* 142 F.3d 313, 319 (6th Cir. 1998), citing *Strickland, supra*; *Blackburn v. Foltz,* 828 F.2d 1177, 1180 (6th Cir. 1987), quoting *Strickland*, 466 U.S. at 687. "The likelihood of a different result must be substantial, not just conceivable." *Storey v. Vasbinder*, 657 F.3d 372, 379 (6th Cir. 2011), quoting *Harrington v. Richter*, 562 U.S. 86, 111-12 (2011).

> In assessing prejudice under *Strickland*, the question is not whether a court can be certain counsel's performance had no effect on the outcome or whether it is possible a reasonable doubt might have been established if counsel acted differently. See *Wong v. Belmontes,* 558 U.S. 15, 27, 130 S. Ct. 383, 175 L. Ed. 2d 328 (2009) (per curiam); *Strickland*, 466 U.S., at 693, 104 S. Ct. 2052, 80 L. Ed. 2d 674. Instead, *Strickland* asks whether it is "reasonably likely" the result would have been different. Id., at 696, 104 S. Ct. 2052, 80 L. Ed. 2d 674. This does not require a showing that counsel's actions "more likely than not altered the outcome," but the difference between *Strickland's* prejudice standard and a more-probable-than-not standard is slight and matters "only in the rarest case." Id., at 693, 697, 104 S. Ct. 2052, 80 L. Ed. 2d 674. The likelihood of a different result must be substantial, not just conceivable. Id., at 693, 104 S. Ct. 2052, 80 L. Ed. 2d 674.

*Harrington v. Richter,* 562 U.S. 86, 111-112 (2011).

When ineffective assistance of trial counsel has clearly caused even a short period of incarceration, the prejudice prong of *Strickland* is relatively easily satisfied because even one day

4

of incarceration is not *de minimis*. But the question of prejudice in this case is much more complex: i.e., which aspect of Attorney Dale's deficient performance caused how much error in the restitution judgment? To arrive at a conclusion on that question, Defendant projects presenting multiple experts to analyze a multiplicity of documents Defendant seeks to subpoena from Murex. See ECF No. 126. Obviously substantial judicial resources would be expended in hearing and evaluating this testimony.

An important aspect of the Cases and Controversies jurisprudence is the need to ensure adequate representation of competing interests. While the Court has no doubt of the professionalism of Justice Department attorneys involved in this case, the United States has no concrete interest in maintaining the original judgment and in particular in defending aspects of Attorney Dale's performance asserted to have been ineffective. While the United States may have wanted a stiffer sentence[2] or more restitution, it can achieve neither in the present litigation and it has no need to defend an already fully-executed sentence.

The authority relied on by Defendant does not require a different result. The Report considers *Weinberger v. United States*, 268 F.3d 346 (6th Cir. 2001), and demonstrates why it is not precedent requiring a different result (ECF No. 137, PageID 1833). The Objections merely re-cite *Weinberger* without rebutting any of the analysis of that case offered in the Report.

The Objections also rely on *Carafas v. LaVallee*, 391 U.S. 234, 237 (1968). In that case, the Supreme Court held that if a person files a habeas corpus petition while imprisoned, his or her later release from prison does not moot the issues raised in the habeas petition. *Carafas* was not cited in Defendant's initial response to the Motion to Dismiss (ECF No. 128). *Carafas* is consistent with other Supreme Court decisions. For example, a person on bond is sufficiently in custody to

---

[2] The United States actually recommended a below-Guidelines sentence which was only slightly more severe than Defendant received. See ECF No. 23.

invoke federal habeas corpus jurisdiction. *Justices of Boston Municipal Court v. Lydon*, 466 U.S. 294 (1984); *Hensley v. Municipal Court,* 411 U.S. 345 (1973); *Lawrence v. 48th District Court*, 560 F.3d 475, (6th Cir. 2009); *McVeigh v. Smith*, 872 F.2d 725, 727 (6th Cir. 1989). The logic of these cases has been extended to persons on parole or probation. *Miskel v. Karnes*, 397 F.3d 446 (6th Cir. 2005); *Tiitsman v. Black*, 536 F.2d 678 (6h Cir. 1976); *United States ex rel Baker v. Finkbeiner*, 551 F.2d 180 (7th Cir. 1977); *United States ex rel. Rybarik v. Maroney*, 406 F.2d 1055 (3rd Cir, 1969). "Individuals subject to post-release control, like individuals subject to supervised release in the federal system, satisfy the 'in custody' requirement." *Nian v. Warden,* 994 F.3d 746 (6th Cir. 2021), quoting *In re Stansell,* 828 F.3d 412, 416 (6th Cir. 2016).

Although not cited in the Magistrate Judge's Report recommending denial of Plaintiff's prior motion to dismiss, *Carafas* is consistent with that decision because Defendant was still on supervised release at the time of that decision. But it does not control in the present context where there no longer remains a live controversy between the parties to this case.

For the same reason, the law of the case doctrine does not defeat the Government's motion. Under the doctrine of law of the case, findings made at one point in the litigation become the law of the case for subsequent stages of that same litigation. *United States v. Moored*, 38 F 3d 1419, 1421 (6th Cir. 1994), *citing United States v. Bell*, 988 F.2d 247, 250 (1st Cir. 1993). "As most commonly defined, the doctrine [of law of the case] posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California*, 460 U.S. 605, 618 (1983), *citing* 1B Moore's Federal Practice ¶0.404 (1982); *Patterson v. Haskins*, 470 F.3d 645, 660-61 (6th Cir. 2006); *United States v. City of Detroit*, 401 F.3d 448, 452 (6th Cir. 2005). "If it is important for courts to treat like matters alike in different cases, it is indispensable that they 'treat the same litigants in the same case the same way

6

throughout the same dispute.'" *United States v. Charles*, 843 F.3d 1142, 1145 (6th Cir. 2016)(Sutton, J.), quoting Bryan A. Garner, et al., The Law of Judicial Precedent 441 (2016).

> As a general principle, the law-of-the-case doctrine precludes reconsideration of issues that were expressly or impliedly decided at an earlier stage of the same case by the same or a superior court. See *Arizona v. California,* 460 U.S. 605, 618, 103 S. Ct. 1382, 75 L. Ed. 2d 318 (1983); *United States v. Moored*, 38 F.3d 1419, 1421-22 (6th Cir. 1994); Bryan A. Garner et al., The Law of Judicial Precedent 441 (2016).

*Keahey v. Marquis*, 978 F.3d 474, 478 (6th Cir. 2020). The Magistrate Judge continues to believe the decision made on the prior motion to dismiss was correct and has no intention of changing it. But the critical facts have changed, rendering the restitution controversy moot as between the two litigants in the case.

**Conclusion**

Having reconsidered the matter as direct by the Recommittal Order, the Magistrate Judge again concludes the case should be dismissed without prejudice for lack of subject matter jurisdiction. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Defendant be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

January 16, 2024.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof.  Failure to make objections in accordance with this procedure may forfeit rights on appeal. #